**HAHN & HESSEN LLP**
Gilbert Backenroth
Stephen J. Grable
Steven R. Aquino
488 Madison Avenue
New York, New York 10022
Telephone: 212-478-7200
gbackenroth@hahnhessen.com
sgrable@hahnhessen.com
saquino@hahnhessen.com

**LIPSIUS-BENHAIM LAW LLP**
Ira S. Lipsius
80-02 Kew Gardens Road, Suite 1030
Kew Gardens, New York 11415
Telephone: 212-981-8440
iral@lipsiuslaw.com

*Attorneys for Suffern Partners LLC*

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

---

SUFFERN PARTNERS LLC,

          Plaintiff,

  -against-

OLD REPUBLIC NATIONAL TITLE
INSURANCE COMPANY,

          Defendant.

Civil Action No. 20-cv-8905

**COMPLAINT**

---

Plaintiff Suffern Partners LLC ("Suffern"), by and through its counsel, Hahn & Hessen LLP and Lipsius-Benhaim Law LLP, brings this Complaint against Defendant Old Republic National Title Insurance Company ("Old Republic"), and in support thereof alleges as follows:

**OVERVIEW OF THE DISPUTE**

1.      In September 2017, Suffern closed on a transaction whereby it purchased a large tract of improved commercial property located in Suffern, New York (as further defined below, the "Property"), including to obtain a $33 million mortgage loan to finance the purchase.  Old Republic, by and through its authorized agent Riverside Abstract LLC, served as escrow agent in conjunction with the transaction pursuant to a written agreement (the "Escrow Agreement"), and was obligated to receive and distribute all funds and ensure proper release and recordation of all deeds to ensure that Suffern obtained valid, unencumbered, and clean title to the Property.  The transaction was closed with all loan funds distributed, deeds then recorded, and Old Republic then further ratifying the transaction by issuance of a $30 million owner's title insurance policy to Suffern (the "Policy").

2.      Suffern's title in the Property is now being challenged by the very party from which it received transfer thereof, RS Old Mills Rd, LLC ("RD"), which alleges that it was entitled to but never received any of the loan funds distributed by the escrow agent at closing.  RD is presently pursuing litigation against Suffern in the Supreme Court of the State of New York, Rockland County (the "Rockland County Action"), having filed a *lis pendens* and seeking to quiet title and rescind the transaction.  RD's claims, in sum and substance, allege that its executed deed transferring title from RD to Suffern and which it had delivered to the escrow agent – who was charged with ensuring proper distribution of the loan funds and then release and recordation of the deed, for Old Republic's own benefit in issuing the Policy and receiving the nearly $1.5 million in premiums – should never have been released and recorded by the escrow agent given its alleged failure to properly distribute the loan funds.

3. RD's Rockland County Action is clouding Suffern's title to the Property, and thus depriving Suffern of any ability to lease the Property, refinance the Property, or close on a fully-negotiated and executed agreement to sell the Property for approximately $55 million.

4. Suffern has tendered the defense of the Rockland County Action to Old Republic under the Policy and has demanded that Old Republic indemnify Suffern for damages in accordance with the terms of the Policy and for the negligence, including by and through its agent Riverside Abstract LLC. Old Republic has improperly denied coverage, has refused to indemnify Suffern, and has refused to either provide defense counsel or reimburse Suffern for the cost of defending the Rockland County Action.

## THE PARTIES

5. Suffern is a New York limited liability company, which holds and manages the Property located at 25 Old Mill Road in Rockland County, New York. Suffern's sole member is a New York corporation with a principal place of business in the State of New York.

6. Upon information and belief, Old Republic is a Florida corporation with a principal place of business in the State of Florida that conducts business in the State of New York, and is authorized under New York law to issue title insurance policies in New York through title agents and to accept premiums for the issuance of such policies.

## JURISDICTION AND VENUE

7. The Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1332 because Suffern and Old Republic are citizens of different states, and the amount in controversy exceeds $75,000, exclusive of interests and costs.

8. This Court has personal jurisdiction over Old Republic because: (a) Old Republic is licensed to conduct and regularly transacts business in the State of New York;

(b) this action arises in part out of a title insurance policy Old Republic issued to Suffern, a New York entity, and concerning Property located in Rockland County, New York; and (c) this action arises in part out of the actions and omissions of Old Republic, by and through its authorized agent, in the State of New York.

9. Venue is proper in this judicial district pursuant to 28 U.S.C. §§ 1391(b)(1)-(2) and 1391(c)(2).

## FACTS COMMON TO ALL CAUSES OF ACTION

### A. Suffern's Purchase of the Property

10. In or about August 2017, Suffern agreed to purchase a 167-acre parcel of real property, and the improvements thereon, located in Rockland County and known as 25 Old Mill Road (the "Property").

11. In anticipation of the transaction, Suffern requested and received assurance from Old Republic that it would issue an owner's title insurance policy to insure Suffern's purchase and receipt of valid title to the Property at closing, identified in all documentation issued by Old Republic as File Number RANY-27660. The form of Policy provided $30 million in coverage and, among other things, provided that Suffern's title to the Property would be insured against the risk that title to the Property would be vested other than in Suffern, including but not limited to a failure by any person or entity to have authorized such transfer or conveyance. The form of Policy to be issued identified Riverside Abstract LLC ("Riverside") as Old Republic's authorized agent in conjunction with the anticipated transaction.

12. Suffern sought and obtained mortgage financing in connection with its anticipated purchase, in the amount of $33 million, from CPIF Lending, LLC ("CPIF"). Old Republic provided a separate form of mortgage loan insurance policy to CPIF.

13. Upon information and belief, including as represented by Old Republic and Riverside to Suffern, Old Republic expressly authorized Riverside to act as Old Republic's agent to: (a) issue title insurance policies, including the Policy at issue; (b) file and record all documents necessary to insure the interest, estate or title described in title insurance policies, including the Policy at issue; (c) collect and distribute to Old Republic all applicable premiums, fees, and charges attributable to the issuance of title insurance policies for Old Republic, including the Policy at issue; and (d) maintain and properly distribute all funds received by Riverside in connection with any transaction for which Old Republic insured title, including for the Policy at issue.

14. In anticipation of closing on the transaction and issuance of the related Policy, on or about September 1, 2017, Riverside, as authorized agent for Old Republic, executed an escrow agreement further to Old Republic File Number RANY-27660 (the "Escrow Agreement"), whereby it agreed to:

>   (a) receive (i) all mortgage documents from CPIF, (ii) all loan funds from CPIF and additional monies to be paid by other parties to the transaction (the "Sale Funds"), (iii) all original signed deeds for transfer of title to the Property, and (iv) related ancillary documents;
>
>   (b) distribute the Sale Funds in conjunction with the transaction;
>
>   (c) record thereafter (i) the original deeds to ensure proper transfer of title to Suffern, and (ii) the original mortgage documents to ensure proper perfection of CPIF's security interest; and
>
>   (d) deliver (i) the Policy in favor of Suffern, and (ii) the separate mortgage loan policy in favor of CPIF.

15.     The transaction closed on or about September 5, 2017. Riverside, as agent for Old Republic: (a) received all Sale Funds and transaction documentation, including an original deed to the Property executed by RD, as grantor, to Suffern, as grantee, for a stated consideration of $30 million (the "Deed"); (b) distributed all Sale Funds; (c) and thereafter released and recorded all documentation, including the Deed to Suffern and related mortgage to CPIF.

16.     Old Republic ratified the actions completed pursuant to the Escrow Agreement by thereafter issuing the Policy to Suffern.

17.     Old Republic further ratified the actions completed pursuant to the Escrow Agreement by thereafter issuing the separate mortgage loan policy to CPIF, as well.

18.     Suffern paid premiums in the approximate amount of $1.5 million to Old Republic through Riverside.

19.     Upon information and belief, Old Republic subsequently further ratified the Policy, and all related actions of Old Republic and its agent Riverside in connection therewith, by virtue of having secured reinsurance for its obligations under the Policy and separate mortgage loan policy to CPIF.

B.  **The Rockland County Action and Old Republic's Denial of Coverage**

20.     In or about April 2020, RD commenced the Rockland County Action by complaint, and in connection therewith filed a *lis pendens* to publicly notice an alleged claim to the Property.

21.     RD's litigation seeks, among other things, to rescind the September 2017 transaction and quiet title to the Property. RD claims it never received any of the Sale Funds

allegedly due to it, and thus that the Deed was filed without authorization. RD alleges that Suffern does not hold proper title in the Property, and demands that title be re-vested in RD.

22. The Rockland County Action and related *lis pendens* create a cloud on Suffern's title to the Property, depriving Suffern of any ability to lease the Property, refinance the Property, or close on any sale of the Property.

23. Suffern has a fully-negotiated and executed agreement dated March 9, 2020 to sell the Property for approximately $55 million that all parties thereto are ready to close on, and Old Republic has been provided with notice of the agreement and anticipated transaction.

24. The purchaser is unable to secure agreement from any title insurance company (including Old Republic) to issue title insurance in connection with the $55 million transaction.

25. Accordingly, the Property has effectively been rendered non-transferable for all commercial purposes.

26. Suffern duly and timely notified Old Republic of the Rockland County Action, and requested coverage of any loss occasioned by RD's claims therein and for Old Republic to provide for Suffern's legal defense as required under the Policy.

27. Old Republic has declined to cover any loss Suffern has or will incur as a result of the Rockland County Action, and also has declined to provide for Suffern's legal defense.

28. Old Republic was responsible for receipt and proper release of the Sale Funds and Deed. Upon information and belief, Old Republic required that it serve as escrow agent in conjunction with the September 2017 transaction, by and through its authorized agent Riverside, for Old Republic's own benefit to make certain that all Sale Funds were properly

distributed and the Deed properly recorded, such that Suffern would receive valid and clean title in the Property. Old Republic demanded that it serve as escrow agent, by and through its authorized agent Riverside, because Old Republic was providing the insurance Policy and separate mortgage loan policy, and Old Republic would thereby benefit in reducing the risk of any claims for coverage being triggered under such policies.

29. RD's Rockland County Action is challenging Suffern's valid title in the Property that Old Republic was responsible for effectuating and thus insured. RD's Rockland County Action alleges in substance that Old Republic failed in its duties under the Escrow Agreement and as required for issuance of the Policy. First, the Rockland County Action alleges that Old Republic, by and through its authorized agent Riverside, failed to properly distribute the Sale Funds in violation of the Escrow Agreement. Second, the Rockland County Action alleges that Old Republic, by and through its authorized agent Riverside, filed the Deed in favor of Suffern without proper authorization of RD and thus in violation of the Escrow Agreement.

30. Suffern already has sustained damages as a result of the Rockland County Action, incurring significant legal fees to defend against RD's claims. Suffern also has and will continue to incur further damages if any claim in the Rockland County Action is decided in favor of RD. Additionally, Suffern has and will continue to suffer further damages as a result of the *lis pendens* that RD filed as of record – premised upon Old Republic's failures and negligence – including substantial interest that has and continues to accrue on Suffern's mortgage loan from CPIF, additional carrying costs on the Property, and also Suffern's inability to close on a sale of the Property for $55 million.

## FIRST CAUSE OF ACTION

31. Suffern repeats and re-alleges all above allegations as if fully set forth herein.

32. Old Republic issued the Policy to Suffern, through which it agreed to insure Suffern against any risk of loss occasioned by title to the Property being vested in Suffern other than as provided for therein and the unauthorized filing of any instrument evidencing title to the Property.

33. RD alleges in the Rockland County Action that Old Republic, by and through its agent Riverside, failed to distribute the Sale Funds to RD and thus filed the Deed without proper authorization for the conveyance, and that title to the Property thus did not properly vest in Suffern.

34. If RD's allegations and claims are ultimately found supportable and meritorious, pursuant to the terms of the Policy, Old Republic is liable to Suffern and, further thereto, is required to provide for Suffern's defense in the Rockland County Action.

35. Suffern is presently being harmed by Old Republic's refusal to acknowledge coverage and provide for Suffern's legal defense against the Rockland County Action as required by the Policy.

36. For the foregoing reasons, Suffern is entitled to a judgment in an amount in excess of $2,000,000 for the cost of defending the Rockland County Action and other legal fees incurred as: (a) the allegations and claims asserted by the Rockland County Action reflect covered events under the Policy for which Old Republic will be liable if any claim in the Rockland County Action is found in favor of RD; and (b) Old Republic is required under the Policy to provide for Suffern's legal defense against the Rockland County Action.

## SECOND CAUSE OF ACTION

37. Suffern repeats and re-alleges all above allegations as if fully set forth herein.

38. The Policy reflects a contract between Old Republic and Suffern.

39. Suffern has fully performed under the Policy, paying all premiums and timely notifying Old Republic as to the Rockland County Action for which coverage has been requested.

40. Old Republic has breached its obligations under the Policy, failing to provide for Suffern's legal defense against the Rockland County Action.

41. For the foregoing reasons, Suffern is entitled to a judgment against Old Republic for an amount not yet known but reasonably believed to be in excess of $2 million, plus pre-judgment interest, costs, fees, and other disbursements.

## THIRD CAUSE OF ACTION

42. Suffern repeats and re-alleges all above allegations as if fully set forth herein.

43. Suffern and Old Republic, through its authorized agent Riverside, entered into the Escrow Agreement.

44. The Escrow Agreement was valid and binding upon Old Republic.

45. Suffern fully performed its duties under the Escrow Agreement.

46. RD alleges in the Rockland County Action that Old Republic, by and through its agent Riverside, failed to properly perform its duties and obligations under the Escrow Agreement. If RD's allegations and claims are ultimately found supportable and meritorious, Old Republic is liable under the Escrow Agreement for Suffern's damages incurred as a result of Old Republic's failures.

47. Old Republic has failed to confirm its liability to cover Suffern's damages in the event that RD's allegations and claims as alleged in the Rockland County Action are ultimately found supportable and meritorious.

48. As the result of the negligence of Old Republic, including by and through its agent Riverside, Suffern has incurred substantial interest on its mortgage loan from CPIF, totaling millions of dollars.

49. As the result of the negligence of Old Republic, including by and through its agent Riverside, Suffern has and will continue to incur approximately $1,000,000 each month in additional mortgage loan interest and carrying costs on the Property.

50. As the result of the negligence of Old Republic, including by and through its agent Riverside, Suffern is unable to sell the Property.

51. For the foregoing reasons, Suffern is entitled to a judgment against Old Republic for breaching its obligations as escrow agent and all damages resulting from Old Republic's negligence and failure to property distribute the Sale Funds and validly record the Deed in favor of Suffern, for an amount not yet known but reasonably believed to be in excess of $55 million, plus pre-judgment interest, costs, fees, and other disbursements.

## FOURTH CAUSE OF ACTION

52. Suffern repeats and re-alleges all above allegations as if fully set forth herein.

53. As a result of Old Republic's breach of the Policy, breach of its duties and obligations under the Escrow Agreement, and negligence, including by and through its agent Riverside, Suffern has suffered consequential damages in the form of interest on its mortgage loan from CPIF, additional carrying costs for the Property, and loss of the opportunity to sell the Property, resulting in past and continuing damages.

**WHEREFORE**, Suffern respectfully requests judgment in favor of Suffern and against Old Republic arising from its breaches of the Policy, breaches of its duties and obligations under the Escrow Agreement, and negligence, for an amount not yet known but reasonably believed to be in excess of $55 million, plus pre-judgment interest, costs, fees, and other disbursements, and for such other and further relief in favor of Suffern as this court may deem just and proper.

Dated: New York, New York
October 23, 2020

**HAHN & HESSEN LLP**

By:   s/ *Stephen J. Grable*
Gilbert Backenroth
Stephen J. Grable
Steven R. Aquino

488 Madison Avenue
New York, New York 10022
Telephone: (212) 478-7200
gbackenroth@hahnhessen.com
sgrable@hahnhessen.com
saquino@hahnhessen.com

**LIPSIUS-BENHAIM LAW LLP**
Ira S. Lipsius
80-02 Kew Gardens Road, Suite 1030
Kew Gardens, New York 11415
Telephone: 212-981-8440
iral@lipsiuslaw.com

*Attorneys for Plaintiff Suffern Partners LLC*