UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------------------------------x
SUFFERN PARTNERS LLC,

                                        Plaintiff,

      -against-                                                    Civil Action No. 20-cv-8905-CS

OLD REPUBLIC NATIONAL TITLE INSURANCE
COMPANY, GILBERT BACKENROTH, STEPHEN
GRABLE, HAHN & HESSEN LLP, and ISAAC
LEFKOWITZ,

                                        Defendants.
----------------------------------------------------------------x

## ANSWER WITH COUNTERCLAIMS
## <u>AND CROSS-CLAIMS</u>

      Defendant Old Republic National Title Insurance Company ("ORNTIC") by and

through its attorneys Butler, Fitzgerald, Fiveson & McCarthy, P.C., as and for its answer to the

complaint dated October 23, 2020 ("Complaint") and for its counterclaims and cross-claims,

states as follows:

      1.      Denies the allegations in paragraph 1 of the Complaint except: (i) admits

Suffern purchased the property and obtained a mortgage loan in September 2017; (ii) that upon

information and belief, a written escrow agreement was signed and refers the Court to the

agreement for the content thereof; (iii) that upon information and belief loan funds were

distributed, (iv) that deeds were recorded; and (v) that ORNTIC issued an owner's policy of title

insurance ("Policy") to Suffern.

      2.      Denies the allegations in paragraph 2, 20, 21, 29, 30, 33, 34 and 46 of the

Complaint excepts admits RS Old Mills Rd, LLC ("RD") commenced an action against plaintiff

in Rockland County and filed a lis pendens in connection therewith ("RD Action"), refers the

Court to the RD complaint for the content thereof and refers all issues of law to the Court.

3.      Denies knowledge and information sufficient to form a belief as to the truth of the allegations in paragraphs 3, 22, 23, 24 and 25 and of the Complaint and refers all issues of law to the Court.

4.      Denies the allegations in paragraphs 4, 26, 27, 39 and 47 of the Complaint except admits plaintiff made a title claim with ORNTIC in connection with the RD Action and refers the Court to the written disclaimer issued by ORNTIC for the content thereof.

5.      Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraphs 5, 10, and 45 of the Complaint.

6.      Admits the allegations in paragraphs 6, 7, 8 and 9 of the Complaint.

7.      Denies the allegations in paragraphs 11, 32 and 38 of the Complaint except admits Riverside Abstract LLC ("Riverside") issued the Policy to plaintiff on behalf of ORNTIC and refers the Court to the Policy for the content thereof.

8.      Denies the allegations in paragraph 12 of the Complaint except admits CPIF Lending, LLC ("CPIF") provided mortgage financing and ORNTIC issued a separate loan policy of insurance to CPIF.

9.      Denies the allegations in paragraph 13 of the Complaint except admits Riverside was a title agent for ORNTIC pursuant to a written agency agreement with specifically limited authority which did not extend to acting as a settlement agent, and refers the Court to the agency agreement for the content thereof.

10.     Denies the allegation in paragraph 14 of the Complaint that Riverside signed an escrow agreement as agent for ORNTIC and otherwise denies knowledge or information sufficient to form a belief as to the truth of the remaining allegations.

2

11.     Denies the allegations in paragraph 15 of the Complaint except admits Riverside received  and recorded the deed to Suffern and the mortgage to CPIF as agent for ORNTIC.

12.     Denies the allegations in paragraphs 16, 17, 19, 28, 35, 36, 40, 41, 43, 44, 48, 49, 50, 51 and 53 of the Complaint.

13.     Denies the allegations in paragraph 18 of the Complaint except admits Riverside received the premium for the Policy.

14.     Responds to the allegations restated in paragraphs 31, 37, 42 and 52 of the Complaint in the same manner as ORNTIC previously responded to the allegations.

<u>**FIRST AFFIRMATIVE DEFENSE**</u>

15.     Plaintiff released ORNTIC from all claims asserted herein.

<u>**SECOND AFFIRMATIVE DEFENSE**</u>

16.     Plaintiff's claims are excluded under Exclusions 3(a) and (e) of the Policy which provide ORNTIC will not pay loss or damage, costs, attorney's fees or expenses which arise by reason of defects, liens, encumbrances, adverse claims or other matters (a) created, suffered, assumed or agreed to by the insured claimant, or (b) resulting in loss or damage that would not have been sustained if the insured had paid value for the title.

<u>**THIRD AFFIRMATIVE DEFENSE**</u>

17.     Consequential damages are not recoverable as damages under the Policy.

<u>**FOURTH AFFIRMATIVE DEFENSE**</u>

18.     Suffern approved the payment of loan proceeds to Thomas Landrigan, Esq. ("Landrigan"), who was the attorney for the sellers, RS Old Mill, LLC and RS Old Mills Rd, LLC ("Sellers") in a collapsed sale to Suffern.  Suffern thereafter instructed and authorized Landrigan to satisfy Suffern's $12.5 million from Treff & Lowry: (i) as opposed to paying the

Sellers these monies as added consideration for the sale; and (ii) in defraud of its lender CPIF which, upon information and belief, required $12.5 million in paid in capital as a condition to funding the loan.

## FIFTH AFFIRMATIVE DEFENSE

19.     Riverside had no authority from ORNTIC to act as settlement agent. Suffern paid Riverside $10,000 as a "settlement fee."  Consequently, Suffern retained Riverside to act as its settlement agent independent of Riverside acting as title agent and Suffern is bound by any alleged failure of Riverside to pay loan proceeds to the Sellers.

## COUNTERCLAIMS

**A.     The Parties**

20.     Suffern is a New York limited liability company, which holds and manages the Premises located at 25 Old Mill Road in Rockland County, New York.  Suffern's sole member is a New York corporation with a principal place of business in the State of New York.

21.     ORNTIC is a Florida corporation with a principal place of business in the State of Florida.  ORNTIC conducts business in the State of New York and is authorized under New York law to issue title insurance policies in New York through title agents and to accept premiums for the issuance of such policies.

**B.     Jurisdiction And Venue**

22.     The Court has subject matter jurisdiction pursuant to U.S.C. § 1332 because Suffern and ORNTIC are citizens of different states and the amount in controversy exceeds $75,000, exclusive of interest and costs.

23.     This Court has personal jurisdiction over Suffern because Suffern is present, conducts and regularly transacts business in the State of New York.

24.     Venue is proper in this judicial district pursuant to 28 U.S.C.

§§ 1391(b)(1)-(2) and 1391(c)(2).

## FACTS COMMON AS TO ALL COUNTERCLAIMS AND
## CROSS-CLAIMS

25.     On or about November 28, 2016, R.S. Old Mill, LLC ("Old Mill")

contracted to purchase from Novartis Corporation ("Novartis") three parcels known as 25 Old

Mill Road, Suffern and Montebello, New York, 19 Hemion Road, Montebello, New York and

Route 59, Suffern, New York ("Premises") for $18 million.

26.     Old Mill deposited $2.5 million to bind the contract with Novartis.

27.     On or about February 13, 2017, Old Mill filed for Chapter 11 Bankruptcy

Protection in the United States Bankruptcy Court for the Southern District of New York file no.

17-22218-rdd.

28.     On or about June 2, 2017, the Bankruptcy Court approved Old Mill's

purchase of the Premises from Novartis for $18 million.

29.     On or about September 6, 2017, in a collapsed transaction Novartis

conveyed the Premises to Old Mill for $18 million dollars, Old Mill conveyed the Premises to

R.S. Old Mills Rd, LLC ("RD") for no consideration and RD re-conveyed the Premises to

Suffern for $30 million.

30.     Old Mill did not seek or obtain Bankruptcy Court approval for its

conveyance of the Premises to RD prior to the transfer.

31.     The sole member of Old Mill is Yehuda Salamon.

32.     The principal of RD is Avrom Kaufman.

33.     Yehuda Salamon is the brother-in-law of Avrom Kaufman.

34. The sale from RD to Suffern was financed with a $33 million loan from CPIF.

35. As one condition to CPIF financing the purchase by Suffern, CPIF required Suffern to have $12.5 million in capital on deposit.

36. On September 5, 2017, Suffern borrowed $12.5 million from Treff & Lowy, PLLC ("Treff & Lowy"), to satisfy the condition of CPIF to finance the purchase.

37. The sale of the Premises to Suffern and Suffern's financing with CPIF closed on September 6, 2017.

38. Prior to and at the September 6, 2017 closing, Suffern knew Old Mill did not obtain Bankruptcy Court approval of the conveyance by Old Mill to RD.

39. Old Mill and RD were represented by Tom Landrigan, Esq. at the closing.

40. Riverside Abstract acted as settlement agent for Suffern at the closing.

41. Riverside Abstract was paid $10,000 by Suffern to act as settlement agent.

42. Suffern signed an escrow agreement with Riverside Abstract dated September 1, 2017 which exculpates Riverside from any liability for loss of funds or for any act or omission provided Riverside wire the funds in accordance with the closing statement.

43. $15,940,324.51 in loan proceeds was transmitted by Riverside Abstract to Commonwealth Land Title Insurance Company ("Commonwealth") as agent for Novartis as consideration for its conveyance of the Premises to Old Mill.

44. The $15,940,324.51 payment to Commonwealth was reported on the closing statement.

45. $13,763,840.88 in loan proceeds was transmitted by Riverside Abstract to Tom Landrigan, Esq, as counsel and escrow agent for the Sellers.

46.     The $13,763,840.88 payment to Landrigan was reported on the closing statement.

47.     The transfers referenced in paragraphs 43 and 45 were further authorized by Suffern's member Goldie Reisman at the closing.

48.     Upon further authorizing these transfers set forth on the closing statement, Suffern released ORNTIC and agreed to hold ORNTIC harmless from all claims and causes of action relative to the accuracy of the transfers.

49.     On September 6, 2017, ORNTIC issued owner's title policy no. OX-11894013 insuring Suffern's fee interest in the Premises in the amount of $30,000,000.

50.     After the closing and unbeknownst to ORNTIC, Suffern directed Landrigan to divert payment of $12.5 million in loan proceeds to satisfy its loan from Treff & Lowy, as opposed to paying the Sellers these monies as added consideration for the sale to Suffern.

51.     Landrigan complied with Suffern's directive and paid $12.5 million in loan proceeds to Treff & Lowy in satisfaction of its obligation to Treff & Lowy.

52.     On March 29, 2019, Old Mill commenced an adversary proceeding in the Bankruptcy Court, file no. 19-08243-rdd, seeking to vacate the September 6, 2017 no-consideration deed from the debtor Old Mill to RD on the basis Old Mill (the debtor) had never obtained Bankruptcy Court approval of the transfer.

53.     Old Mill's Chapter 11 case was converted to a Chapter 7 on June 5, 2019.

54.     Suffern was represented in the Chapter 7 case by defendants Gilbert Backenroth, Esq., Stephen Grable, Esq., and Hahn and Hessen, LLP.

55.     On January 14, 2020, the Bankruptcy Court approved a settlement between Suffern and the Chapter 7 Trustee authorizing the September 6, 2017 transfer of the Premises from the debtor Old Mill to RD *nunc pro tunc*, in exchange for the deposit of $2.5 million into a claim fund with the Chapter 7 Trustee to satisfy all approved claims and allowed administrative expenses of Old Mill's estate ("Claim Fund").

56.     The stipulation of settlement with the Chapter 7 Trustee also provided that any portion of the Claim Fund not expended to satisfy allowed claims and expenses would be refunded to Suffern c/o Hahn & Hessen ("Claim Refund").

57.     On August 15, 2019, ORNTIC agreed to deposit $2 million and Suffern agreed to deposit $500,000 into the Claim Fund.

58.     Gilbert Backenroth and Stephen Grable as escrow agent represented and agreed with Maria Filippelli, Esq. of ORNTIC on August 15, 2019 that ORNTIC would be paid its portion of the Claim Refund.

59.     Gilbert Backenroth is a member of Hahn & Hessen, LLP.

60.     Stephen Grable is a member of Hahn & Hessen, LLP.

61.     In reliance of Gilbert Backenroth's and Stephen Grable's agreement and representation as escrow agents, on August 16, 2019 ORNTIC wired $2 million to Hahn & Hessen's Iola account

62.     Hahn & Hessen deposited ORNTIC's $2 Million into the Claim Fund.

63.     Gilbert Backenroth, Stephen Grable and Hahn & Hessen, LLP received as escrow agents a total of $2.5 million which was deposited into the Claim Fund.

64.     The $2.5 million were the only monies deposited into the Claim Fund.

65.     In or about September 1, 2020, the Chapter 7 Trustee delivered to Gilbert Backenroth and Stephen Grable a check payable to Suffern in the amount of $1,984,483.86 ("Claim Refund Check").

66.     The Trustee's check in the amount of $1,984,483.86 represented a partial return of the monies previously held by Gilbert Backenroth, Stephen Grable and Hahn & Hessen in escrow.

67.     ORNTIC is entitled to $1,484,483.86 of the Claim Refund.

68.     Over the objection of ORNTIC, Gilbert Backenroth and Stephen Grable delivered the Claim Refund Check to Suffern which deposited the Claim Refund Check into its account.

69.     Isaac Lefkowitz is a principal of Suffern.

70.     Suffern has refused to pay ORNTIC $1,484,483.86 which is its portion of the Claim Refund.

## COUNTERCLAIM COUNT ONE
### [Conversion]

71.     ORNTIC repeats paragraphs 20 through 70 above.

72.     Suffern has converted $1,484,483.86 representing that portion of the Claim Refund due ORNTIC.

73.     ORNTIC is entitled to judgment against Suffern in the amount of $1,484,483.86 with interest from September 1, 2020.

## COUNTERCLAIM COUNT TWO
### [Interpleader]

74.     ORNTIC repeats paragraphs 20 through 70 above.

75.     On October 6, 2020, Suffern conceded it is holding ORNTIC's portion of the Claim Refund and that it would pay same to ORNTIC once it is certain it has no claims against ORNTIC.

76.     Suffern should be ordered to pay ORNTIC's portion of Claim Refund or $1,484,483.86 into Court or to an escrow agent where it should remain pending a resolution of Suffern's claim against ORNTIC and be disbursed pursuant to a final judgment.

## COUNTERCLAIM COUNT THREE
### [Indemnification]

77.     ORNTIC repeats paragraphs 20 through 70 above.

78.     On September 6, 2017, Suffern approved the closing statement and authorized Riverside to make the disbursement of funds accordingly.

79.     On September 6, 2017, Suffern further agreed to hold ORNTIC harmless from all claims or causes of action relative to the accuracy of the closing statement.

80.     ORNTIC will incur legal fees and expenses to defend Suffern's claims believed to be in excess of $100,000.

81.     ORNTIC is entitled to indemnification of its counsel fees and expenses to defend Suffern's claims; the amount to be determined at time of trial.

## CROSS-CLAIMS

A.      **The Parties**

82.     Suffern is a New York limited liability company, which holds and manages the Premises located at 25 Old Mill Road in Rockland County, New York.  Suffern's sole member is a New York corporation with a principal place of business in the State of New York.

83.     Defendant Gilbert Backenroth is a citizen of the State of New York.

84.     Stephen Grable is a citizen of the State of New York.

85.     Defendant Hahn & Hessen, LLP is a citizen of the State of New York and is a New York limited liability company.

86.     Upon information and belief, Isaac Lefkowitz is a citizen of the State of New York.

## B.     Jurisdiction And Venue

87.     The Court has subject matter jurisdiction pursuant to U.S.C. § 1332 because Backenroth, Grable, Hahn & Hessen and Lefkowitz collectively, and ORNTIC are citizens of different states and the amount in controversy exceeds $75,000, exclusive of interest and costs.

88.     This Court also has pendent jurisdiction over the cross-claims because they involve a common nucleus of operative facts with Suffern's claims and judicial economy, convenience and fairness to litigants favors having the Court decide all claims together.

89.     This Court has personal jurisdiction over Backenroth, Grable, Hahn & Hessen and Lefkowitz because these defendants are present, conduct and regularly transact business in the State of New York.

90.     Venue is proper in this judicial district pursuant to 28 U.S.C. §§ 1391(b)(1)-(2) and 1391(c)(2).

## CROSS-CLAIM COUNT ONE
### [Conversion Against Backenroth, Grable And Hahn & Hessen]

91.     ORNTIC repeats paragraphs 20 through 70 above.

92.     Backenroth, Grable and Hahn & Hessen converted ORNTIC's portion of the Claim Refund by releasing the Claim Refund Check to Suffern.

93.     As a result of the foregoing, ORNTIC has been damaged in the amount of $1,484,483.86 with interest from September 1, 2020.

## CROSS-CLAIM COUNT TWO
### [Breach of Fiduciary Duty Against Backenroth, Grable and Hahn & Hessen]

94.     ORNTIC repeats paragraphs 20 through 70 above.

95.     As an inducement to ORNTIC depositing $2 million into the Iola account of Hahn & Hessen for re-deposit into the Claim Fund, Backenroth, Grable and Hahn & Hessen, as escrow agents, agreed and represented to Maria Filippelli, Esq. that ORNTIC would be paid its portion of the Claim Refund.

96.     Backenroth, Grable and Hahn & Hessen acted as escrow agents of ORNTIC's $2 million deposit into the Claim Fund.

97.     Backenroth, Grable and Hahn & Hessen acted as escrow agents for the $2.5 million deposited into the Claim Fund.

98.     Backenroth, Grable and Hahn & Hessen therefore had a fiduciary duty to ORNTIC, as escrow agents, and based on its representation and agreement, to ensure payment to ORNTIC its portion of the Claim Refund.

99.     Backenroth, Grable and Hahn & Hessen breached their fiduciary duties to ORNTIC by delivering the Claim Refund Check to Suffern.

100.     As a result of the foregoing, ORNTIC has been damaged in the amount of $1,484,483.86 with interest from September 1, 2020.

## CROSS-CLAIM COUNT THREE
### [Conversion Against Lefkowitz]

101.     ORNTIC repeats paragraphs 20 through 70 above.

102.    Lefkowitz, on behalf of Suffern, has refused to pay ORNTIC its portion of the Claim Refund or $1,484,483.86.

103.    As a result of the aforesaid conversion, ORNTIC has been damaged in the amount of $1,484,483.86 with interest from September 1, 2020.

Wherefore, ORNTIC requests judgment as follows:

1.    Dismissing Suffern's claims with prejudice and costs;

2.    On its first counterclaim, judgment against Suffern in the amount of $1,484,483.86 with interest from September 1, 2020;

3.    On its second counterclaim, an order directing Suffern to deposit $1,484,483.86 into Court or with an escrowee where it shall remain pending a resolution of Suffern's claims and disbursed pursuant to a final judgment;

4.    On its third counterclaim, judgment against Suffern in the amount of ORNTIC's damages, counsel fees and costs incurred to defend Suffern's claim, to be determined at the time of trial and believed to be in excess of $100,000;

5.    On its cross-claim count one against Backenroth, Grable and Hahn & Hessen, judgment in the amount of $1,484,483.86 with interest from September 1, 2020;

6.    On its cross-claim count two against Backenroth, Grable and Hahn & Hessen, judgment in the amount of $1,484,483.86 with interest from September 1, 2020;

7.    On its cross-claim count three against Lefkowitz, judgment in the amount of $1,484,483.86 with interest from September 1, 2020; and

8.     Together with costs, disbursements and such other and further relief to which ORNTIC may be deemed entitled.

Dated: New York, New York
      November 20, 2020

                      **BUTLER, FITZGERALD, FIVESON**
                        **& McCARTHY**
                      A Professional Corporation
                      *Attorneys for Defendant*
                      *Old Republic National Title Insurance Company*

                      By:   */s/ David K. Fiveson*
                          David K. Fiveson, Esq.
                      A Principal of the Firm
                      9 East 45th Street, Ninth Floor
                      New York, New York 10017
                      (212) 615-2200

TO:   HAHN & HESSEN LLP
       Attn:   Gilbert Backenroth, Esq.
              Stephen J. Grable, Esq.
              Steven R. Aquino, Esq.
       Attorneys for Suffern Partners LLC
       488 Madison Avenue
       New York, New York 10022
       (212) 478-7200
       gbackenroth@hahnhessen.com
       sgrable@hahnhessen.com
       saquino@hahnhessen.com

       LIPSIUS-BENHAIM LAW LLP
       Attn: Ira S. Lipsius
       Co-Attorneys for Suffern Partners LLC
       80-02- Kew Gardens Road, Suite 1030
       Kew Gardens, New York 11415
       (212) 981-8440
       iral@lipsiuslaw.com