UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
SUFFERN PARTNERS LLC,

                Plaintiff,

  -against-                                  **THIRD-PARTY COMPLAINT**

OLD REPUBLIC NATIONAL TITLE INSURANCE
COMPANY, GILBERT BACKENROTH, STEPHEN     Civil Action No. 20-cv-08905-CS
GRABLE, HAHN & HESSEN LLP, and ISAAC
LEFKOWITZ,

                Defendants.
------------------------------------------------------------------X
OLD REPUBLIC NATIONAL TITLE INSURANCE
COMPANY,

                Third-Party Plaintiff,

      -against-

THOMAS LANDRIGAN and COHEN, LABARBERA &
LANDRIGAN, LLP,

                Third-Party Defendants.
------------------------------------------------------------------X

       Defendant/Third-Party Plaintiff Old Republic National Title Insurance Company ("ORNTIC") by its attorneys Butler, Fitzgerald, Fiveson & McCarthy, A Professional Corporation, complaining of the Third-Party Defendants sets forth the following:

## THE PARTIES

       1.     ORNTIC is a Florida corporation with a principal place of business in the State of Florida. ORNTIC conducts business in the State of New York and is authorized under New York law to issue title insurance policies in New York through title agents and to accept premiums for the issuance of such policies.

       2.     Thomas Landrigan ("Landrigan") is a citizen of the State of New York.

3. Cohen, Labarbera & Landrigan, LLP ("Cohen, Labarbera") is a New York limited liability company and a citizen of the State of New York.

## JURISDICTION AND VENUE

4. The Court has subject matter jurisdiction pursuant to U.S.C. § 1332 because ORNTIC and Landrigan and Cohen Labarbera are citizens of different states and the amount in controversy exceeds $75,000, exclusive of interest and costs.

5. This Court also has pendent jurisdiction over the third-party claims because they involve a common nucleus of operative facts with Suffern's claims and judicial economy, convenience and fairness to litigants favors having the Court decide all claims together.

6. This Court has personal jurisdiction over Landrigan and Cohen Labarbera because these defendants are present, conduct and regularly transact business in the State of New York.

7. Venue is proper in this judicial district pursuant to 28 U.S.C. §§ 1391(b)(1)-(2) and 1391(c)(2).

## COUNT ONE-INDEMNIFICATION

8. On or about November 28, 2016, R.S. Old Mill, LLC ("Old Mill") contracted to purchase from Novartis Corporation ("Novartis") three parcels known as 25 Old Mill Road, Suffern and Montebello, New York, 19 Hemion Road, Montebello, New York and Route 59, Suffern, New York ("Premises") for $18 million.

9. Old Mill deposited $2.5 million to bind the contract with Novartis.

10. On or about September 6, 2017, in a collapsed transaction Novartis conveyed the Premises to Old Mill for $18 million dollars, Old Mill conveyed the Premises to

2

R.S. Old Mills Rd, LLC ("RD") for no consideration and RD re-conveyed the Premises to Suffern for $30 million.

11. The sole member of Old Mill is Yehuda Salamon.

12. The principal of RD is Avrom Kaufman.

13. Yehuda Salamon is the brother-in-law of Avrom Kaufman.

14. The purchase by Suffern was financed with a $33 million loan from CPIF.

15. As one condition to CPIF financing the purchase by Suffern, CPIF required Suffern to have $12.5 million in capital on deposit.

16. On September 5, 2017, Suffern borrowed $12.5 million from Treff & Lowy, PLLC ("Treff & Lowy"), to satisfy the condition of CPIF to finance the purchase.

17. The sale of the Premises to Suffern and Suffern's financing with CPIF closed on September 6, 2017.

18. Old Mill and RD ("Sellers") were represented by Landrigan at the closing.

19. Landrigan is a member of Cohen Labarbera.

20. $15,940,324.51 in loan proceeds was transmitted by Riverside Abstract LLC ("Riverside Abstract") to Commonwealth Land Title Insurance Company as agent for Novartis as consideration for its conveyance of the Premises to Old Mill.

21. $13,763,840.88 in loan proceeds was transmitted by Riverside Abstract to Tom Landrigan, Esq, as counsel and escrow agent for the Sellers.

22. On September 6, 2017, in reliance on the deed to Suffern, which was tendered in consideration on the payment to Landrigan as counsel and escrow agent for Sellers, ORNTIC issued owner's title policy no. OX-11894013 insuring Suffern's fee interest in the Premises in the amount of $30,000,000.

23. After the closing and unbeknownst to ORNTIC, Landrigan diverted payment of $12.5 million in loan proceeds to satisfy Suffern's loan from Treff & Lowy, as opposed to paying the Sellers these monies as added consideration for the sale to Suffern.

24. On or about April 14, 2020, RD commenced an action against Suffern in the Supreme Court, Rockland County, index no. 031809/2020 ("RD Action") to vacate RD's September 6, 2017 deed to Suffern on the basis RD was not paid consideration for the deed.

25. Suffern made a title claim on ORNTIC under the Policy for a defense and indemnification of all damages arising from the RD Action.

26. On or about October 23, 2020, Suffern commenced the within action seeking damages for ORNTIC's refusal to pay plaintiff's claim under the Policy arising from the RD Action. A copy of Suffern's complaint is annexed as Exhibit A. A copy of ORNTIC's answer with counterclaims and cross-claims dated November 20, 2020 ("ORNTIC's Answer") is annexed as Exhibit B.

27. In the event it should be determined ORNTIC is liable to Suffern on the Policy as claimed by Suffern, then and in that event, such liability shall be wholly due to Landrigan's and Cohen Labarbera's breach of their duty to Suffern to pay the Sellers the $13,763,840.88 paid to Landrigan at closing.

28. In such event, Landrigan and Cohen Labarbera shall be wholly liable to ORNTIC for all damages sustained thereby, attorneys' fees, costs and disbursements.

WHEREFORE, in the event ORNTIC is determined liable to Suffern under the Policy, ORNTIC requests judgment against third-party defendants for indemnification of all damages sustained and liability incurred, attorneys' fees, costs and disbursements, and such other and further relief to which ORNTIC may be deemed entitled.

Dated: New York, New York
      November 20, 2020

**BUTLER, FITZGERALD, FIVESON**
 **& McCARTHY**
A Professional Corporation
*Attorneys for Defendant and Third-Party Plaintiff*
*Old Republic National Title Insurance Company*

By: */s/ David K. Fiveson*
    David K. Fiveson, Esq.
A Principal of the Firm
9 East 45th Street, Ninth Floor
New York, New York 10017
(212) 615-2200  Fax: (212) 615-2215
dfiveson@bffmlaw.com