UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X
SUFFERN PARTNERS LLC,

                            Plaintiff,

    -against-

OLD REPUBLIC NATIONAL TITLE INSURANCE       Civil Action No. 20-cv-08905-CS
COMPANY, GILBERT BACKENROTH, STEPHEN
GRABLE, HAHN & HESSEN LLP, and ISAAC             **DECLARATION OF MARIA**
LEFKOWITZ,                                                                  **FILIPPELLI IN SUPPORT OF**
                                                                                    **OLD REPUBLIC NATIONAL**
                                      Defendants.                       **TITLE INSURANCE COMPANY'S**
------------------------------------------------------------------------X   **MOTION FOR A PRELIMINARY**
                                                                                        **INJUNCTION**
OLD REPUBLIC NATIONAL TITLE INSURANCE
COMPANY,

                          Third-Party Plaintiff,

    -against-

THOMAS LANDRIGAN and COHEN, LABARBERA &
LANDRIGAN, LLP,

                        Third-Party Defendants.
------------------------------------------------------------------------X

       Maria Filippelli, pursuant to 28 U.S.C. § 1746, declares under the penalties of perjury the following is true and correct:

       1.     I am Senior Vice President and Deputy Chief Claims Counsel for defendant Old Republic National Title Insurance Company ("ORNTIC"). I have knowledge of the facts stated herein based on personal knowledge except where stated to be upon information and belief. The source of my information and belief is my review of ORNTIC's files and the closing files for the subject sale and finance. As to those matters, I believe them to be true.

       2.     I make this declaration in support of ORNTIC's motion for a preliminary injunction prohibiting and restraining plaintiff Suffern Partners LLC ("Suffern")'s transferring,

dissipation, hypothecation, secreting, disbursement or encumbrance of $1,484,483.86 previously deposited by ORNTIC in escrow to resolve a title claim on behalf of Suffern by ORNTIC, and representing a partial refund of such monies but paid to Suffern because of the wrongful acts of co-defendants Hahn & Hessen LLP, Gilbert Backenroth and Stephen Grable as ORNTIC's escrow agents of such funds.

3. Upon information and belief, the sale of the Premises[1] from RS OLD MILLS RD, LLC ("RD") to Suffern was financed with a $33 million loan from CPIF Lending, LLC ("CPIF").

4. Upon information and belief, the sale of the Premises to Suffern and Suffern's financing with CPIF closed on September 6, 2017.

5. Upon information and belief, RS OLD MILL, LLC ("Old Mill") and RD were represented by third-party defendant, Thomas Landrigan, Esq., at the closing. Riverside Abstract acted as the title agent for ORNTIC at the closing. A true and correct copy of Riverside Abstract's agency agreement with ORNTIC is annexed hereto as **Exhibit A**.

6. On September 6, 2017, ORNTIC, through its policy-issuing limited agent Riverside Abstract, issued owner's title policy no. OX-11894013 ("Policy") insuring Suffern's fee interest in the Premises in the amount of $30,000,000 subject to the exclusions, exceptions and conditions in the Policy. Annexed hereto as **Exhibit B** is a true and correct copy of the Policy.

7. Upon information and belief, on March 29, 2019, Old Mill commenced an adversary proceeding in the Bankruptcy Court, file no. 19-08243-rdd, seeking to vacate the September 6, 2017 no-consideration deed from the debtor Old Mill to RD on the basis Old Mill

---

[1] "Premises" refers to the following real properties situated in the County of Rockland and State of New York: (1) 25 Old Mill Road, Suffern, NY 10901 (Section: 55.22, Block: 1, Lot: 1); (2) 19 Hemion Road, Montebello, NY 10901 (Section: 55.06, Block: 1, Lot: 1); and (3) Route 59 Suffern, NY 10901(Section: 55.37, Block: 1, Lot: 31).

(the debtor) had never obtained Bankruptcy Court approval of the transfer.  Old Mill's Chapter 11 case was converted to a Chapter 7 on June 5, 2019.  Suffern was represented in the Chapter 7 case by defendants Gilbert Backenroth, Esq., Stephen Grable, Esq., and Hahn and Hessen, LLP.

8. On January 14, 2020, the Bankruptcy Court approved a settlement between Suffern and the Chapter 7 Trustee authorizing the September 6, 2017 transfer of the Premises from the debtor Old Mill to RD nunc *pro tunc*, in exchange for the deposit of $2.5 million into a claim fund with the Chapter 7 Trustee to satisfy all approved claims and allowed administrative expenses of Old Mill's bankruptcy estate ("Claim Fund").  The stipulation of settlement with the Chapter 7 Trustee also provided that any portion of the Claim Fund not expended to satisfy allowed claims and expenses would be refunded to Suffern c/o Hahn & Hessen ("Claim Refund").

9. On August 15, 2019, ORNTIC agreed to deposit $2 million into the Claim Fund.  Gilbert Backenroth and Stephen Grable advised me that, Suffern had already agreed to deposit $500,000 into the Claim Fund.  Gilbert Backenroth and Stephen Grable as escrow agent represented and agreed with me on August 15, 2019 that ORNTIC would be paid its portion of the Claim Refund.  Gilbert Backenroth is a member of Hahn & Hessen, LLP.  Stephen Grable is a member of Hahn & Hessen, LLP.

10. In reliance of Gilbert Backenroth's and Stephen Grable's agreement and representation as escrow agents, on August 16, 2019 ORNTIC wired $2 million to Hahn & Hessen's Iola account. A true and correct copy of the wire transfer from ORNTIC into the Iola account of Hahn & Hessen, LLP is annexed hereto as **Exhibit C**.  Upon information and belief, Gilbert Backenroth, Stephen Grable and Hahn & Hessen, LLP received as escrow agents ORNTIC's $2 million which was, in turn, paid into the Claim Fund with Suffern's $500,000 contribution.

11.     Upon information and belief, in or about September 1, 2020, the Chapter 7 Trustee delivered to Gilbert Backenroth and Stephen Grable a check payable to Suffern in the amount of $1,984,483.86 representing the Claim Refund ("Claim Refund Check").  $1,484,483.86 of said monies represents a partial refund of ORNTIC's $2 million previously deposited into escrow with Hahn & Hessen on the agreement and representation that ORNTIC be re-paid its portion of the Claim Refund.[2]

12.     Over the objection of ORNTIC, Gilbert Backenroth and Stephen Grable delivered the Claim Refund Check to Suffern which deposited the Claim Refund Check into its account.  Suffern has refused to pay ORNTIC its $1,484,483.86, which represents ORNTIC's portion of the Claim Refund.  Third-party defendant, Isaac Lefkowitz, the claimed CEO of Suffern, stated in an e-mail dated October 6, 2020 (a true and correct copy of which is annexed hereto as **Exhibit D**) as follows:

> We received the surplus funds from the trustee as per the settlement agreement Suffern executed with the trustee.  **We undertake to refund to Old Republic any monies due to them once we are certain that we have no other claims against Old Republic,** however, if you wish to fly off the handle and not give us that chance but to start litigation sooner, then we might as well litigate on all the open matters we have with Old Republic and Riverside Abstract.

(Emphasis added).

13.     On April 13, 2020, RD commenced its action against Suffern in the Supreme Court, County of Rockland under Index No. 031809/2020 ("RS Old Mills Rd State Action").  RD alleges Suffern did not pay consideration for the September 6, 2017 deed conveying the Premises from RD to Suffern.  The first cause of action claims Suffern converted the Premises.

---

[2] There is no dispute the amount of $1,484,483.86 is ORNTIC's portion of the Claim Refund because this amount accounts for a 100% refund to Suffern of the $500,000 it deposited into the Claim Fund.

4

The second cause of action seeks to rescind the September 6, 2017 deed from RD to Suffern. The third cause of action seeks to quiet title in RD. The fourth cause of action seeks damages against Suffern for breach of contract.

14. On April 20, 2020, Suffern submitted to ORNTIC a claim that it defend Suffern against the allegations in the RS Old Mills Rd State Action. ORNTIC disclaimed any obligation to defend or indemnify Suffern against the title claims asserted in the RS Old Mills Rd State Action based on Policy Exclusions 3(a) and (e). ORNTIC also disclaimed coverage of the conversion claim (first cause of action) and the breach of contract claim (fourth cause of action) on the basis these claims did not fall within the covered risks insured under the Policy. True and correct copies of Suffern's second title claim and ORNTIC's disclaimer are annexed hereto as **Exhibit E**.

Dated: Westbury, New York
      January 6, 2021

                                        MARIA FILIPPELLI