# EXHIBIT D

Civil Action No. 20-cv-08905-CS;
Declaration of Maria Filippelli

| | |
|---|---|
| **From:** | Isaac Lefkowitz <il@perigrove.com> |
| **Sent:** | Tuesday, October 6, 2020 12:03 PM |
| **To:** | David Fiveson |
| **Cc:** | Gilbert Backenroth; Stephen J. Grable |
| **Subject:** | Re: 20-10-06 to Gil and Stephen re RS Old Mill our file 3969 06391 |

We clearly explained to you over a 90 minute conference call that you are not to dictate over an agreement that Suffern had directly with the trustee, not Old Republic or Hann and Hessen was a party to this settlement agreement.

We agreed on the call for us to hire title council to explore the claims of rights Suffern has under the title policy.

We received the surplus funds from the trustee as per the settlement agreement Suffern executed with the trustee . We undertake to refund to Old Republic any monies due to them once we are certain that we have no other claims against Old Republic, however, if you wish to fly off the handle and not give us that chance but to start litigation sooner, then we might as well litigate on all the open matters we have with Old Republic and Riverside Abstract.

**Isaac Lefkowitz**
Director



A prolific private equity investment firm

C. +1.646.623.5200
O. +1.212.737.4478
D. +1.212.951.1076

il@perigrove.com
www.perigrove.com



On Oct 6, 2020 6:39 PM, David Fiveson <dfiveson@bffmlaw.com> wrote:

> Gil and Stephen:
>
> I was very dismayed to learn this morning that despite my e-mail below you nonetheless negotiated the surplus monies check to Suffern Partners and that Suffern Partner now has Old Republic's portion of the surplus funds.
>
> Demand is made for the immediate payment to Old Republic of its portion of the surplus funds with an accounting of the monies received by Suffern Partners from the trustee.

If we do not receive the payment and accounting within five business days we will commence an action for conversion against you, your firm, Issac Lefkowitz and Suffern Partners for the principal amount owed plus interest. Please be so advised.

David K. Fiveson, Esq.

Butler Fitzgerald Fiveson & McCarthy, P.C.

Nine East 45th Street

Ninth Floor

New York, New York 10017

212-615-2200 (Office)

914-260-6747 (Cell)

212-615-2215 (Fax)

dfiveson@bffmlaw.com

www.bffmlaw.com

**~ Winston Churchill ~**
**Successful people don't just see problems, they see opportunities. They don't just see obstacles, they see solutions. And when they don't see solutions right away, successful people get creative to find solutions.**

**From:** David Fiveson
**Sent:** Wednesday, September 16, 2020 10:29 AM
**To:** Gilbert Backenroth <GBackenroth@hahnhessen.com>; 'Stephen J. Grable' <SGrable@hahnhessen.com>
**Subject:** 20-09-16 to Gil and Stephen re RS Old Mill our file 3969 06391

Gil and Stephen:

2

Do we have any response to this proposal?

Please advise.

David K. Fiveson, Esq.

Butler Fitzgerald Fiveson & McCarthy, P.C.

Nine East 45th Street

Ninth Floor

New York, New York 10017

212-615-2200 (Office)

914-260-6747 (Cell)

212-615-2215 (Fax)

dfiveson@bffmlaw.com

www.bffmlaw.com

~ Winston Churchill ~
**Successful people don't just see problems, they see opportunities. They don't just see obstacles, they see solutions. And when they don't see solutions right away, successful people get creative to find solutions.**

**From:** David Fiveson
**Sent:** Tuesday, September 1, 2020 6:53 AM
**To:** Gilbert Backenroth <GBackenroth@hahnhessen.com>; Stephen J. Grable <SGrable@hahnhessen.com>
**Subject:** 20-09-01 to Gil and Stephen re RS Old Mill our file 3969 06391

Stephen and Gilbert:

Paragraph 3 of the settlement agreement approved by Judge Drain provides that the balance surplus claim funds "shall be returned to Suffern care of its undersigned counsel". I do not understand that to mean the claim refund check gets issued to Suffern and delivered to its attorneys. Rather, I understand the agreement to mean that the claim refund gets paid to the attorneys for the benefit of Suffern.

3

Be that as it may, the Trustee is insisting on issuing the claim refund check to Suffern and delivering the check to your firm. This position of the Trustee presents problems. Old Republic paid $2,000,000 of the $2,500,000 claim fund to Hahn and Hessen's Iola account based on the agreement with Hahn and Hessen that Suffern would be paid $500,000 of any claim refund and the balance would be paid to Old Republic. There was never an agreement to allow the entire claim refund to be paid to Suffern and that Old Republic would then look to Suffern to refund its portion of the claim refund. Old Republic therefore objects to Suffern's deposit of the check into its account and demands that the check not be delivered to Suffern unless authorized by Old Republic in writing.

To complicate matters, Suffern is now making claims against Old Republic and is claiming the right to offset its claims against that portion of the claim refund due Old Republic. Suffern is demanding Old Republic's claim refund be held in escrow until its right of offset is resolved.

The first claim of offset is for the defense costs for the adversary proceeding with Hahn and Hessen actually incurred and in excess of the monies already paid Hahn and Hessen by Old Republic. Suffern claims it reserved its rights to seek further fees but any reservation of right preceded the signing of the retainer agreement on May 24, 2019 between Old Republic and Hahn and Hessen. There were no "reservation of rights" in the retainer agreement. There is no claim Old Republic did not perform the retainer agreement. This claim of Suffern therefore has no merit.

The second claim of offset is the defense costs in connection with the <u>Beauty Braggs v. Suffern</u> action. Paragraph 5 (a) of the owner's policy provides that "upon request" the underwriter has a duty to defend matters subject to and within the policy. Suffern never made a request to Old Republic for a defense. Moreover, even had a request been made, it would have been denied as the Beauty Braggs claim arises wholly out of an alleged January 10, 2019 Storage Agreement which is after the date of the September 6, 2017 policy. Exclusion Section 3 (d) specifically excludes matters accruing after the date of the policy.

The third claim of offset is the defense costs in connection with the <u>Lone Pine Associates v. Suffern</u> action. Since there was no request for a defense or an actual title claim submitted, no defense was provided nor was a coverage determination made.

The fourth claim of offset is the defense costs in connection with the <u>RS Old Mills Rd v. Suffern</u> action. This claim arising wholly out of the alleged failure of Suffern to pay consideration for the conveyance. Plaintiff therefore seeks to rescind the conveyance based on a failure of consideration. Old Republic denied coverage on the basis the alleged title defect arises wholly out Exclusions 3 (a) and (e) which exclude coverage for an act of the insured or a failure of consideration. The prefatory language of the exclusions section of the policy specifies that there is no obligation to defend or indemnify against the excluded claims. Suffern claims Old Republic's title agent Riverside Abstract acted as settlement agent and therefore the alleged title defect arises out of the act of the underwriter not the insured. This assertion is incorrect. First the agency agreement with Riverside limits the scope of the agency to the issuance of Old Republic's policies and insurance forms. It does not authorize Riverside to act as a settlement or escrow agent. .
Riverside's invoice reports its receipt of $10,000 as a "settlement fee" from the sale proceeds. Therefore, it is clear the parties to the transaction retained Riverside Abstract to act as a settlement agent and this retention was independent

4

of Riverside acting as a title agent for Old Republic.  You have not provided any facts or theory that would bring this claim under the coverage of the title policy.

However, there is no dispute the settlement agent paid monies to Landirgan as instructed. Landrigan was the counsel for the seller. Based on paragraphs 6 through 12 of the Landrigan affirmation, with exhibits F and G, it appears it was Suffern's counsel, David Fleischmann, who provided the wire instructions for Landrigan to pay $12.5 million to Treff and Lowy, as opposed to RS Old Mills Rd. This clearly documents it was the act of the insured which is the basis of the RS Old Mills' claim of no consideration paid for the conveyance. Parenthetically it appears this payment was agreed to by Marty Stern and David Salamon (Yehuda's son) on behalf of the seller, RS Old Mills Rd.

Based on the settlement statement of Riverside Abstract there was to be $12,500,000 **"equity** received by the seller" in addition to the $30,000 in loan proceeds paid to or on behalf of Suffern. Therefore, the lender was under the impression the loan to value ratio was 71%, when in fact Suffern had no equity in the property. It appears Suffern borrowed  $12,500 from Treff & Lowy and promptly repaid the monies after the closing, thereby rendering the transaction a  greater than 100% loan to value ratio. There was obviously never an intent to retain the $12,500,000 in Suffern; an obvious fraud on the lender to which Suffern was a participant.

Old Republic proposes this matter be settled as follows:

1. The claim refund check be negotiated to an Iola account of your firm or my firm and I will pay those monies to Hahn and Hessen's Iola account once the monies clear; or
2. If a bank will not accept a double endorsed check, the check remains in your firm's possession until the offset claims are finally resolved; and, in that regard,
3. Old Republic will review the Lone Pine action for coverage and provide a defense of the title claim under a reservation of rights to be provided in advance of assigning counsel.

Please advise us of your thoughts.

David K. Fiveson, Esq.

Butler Fitzgerald Fiveson & McCarthy, P.C.

Nine East 45th Street

Ninth Floor

New York, New York 10017

212-615-2200 (O)

914-260-6747 (M)

dfiveson@bffmlaw.com