

**LIPSIUS –BENHAIM LAW, LLP**

80-02 Kew Gardens Road
Kew Gardens, NY 11415
212.981.8440
Facsimile 888.442.0284
www.lipsiuslaw.com

David BenHaim
Direct Line: 212.981.8446
Email: dbenhaim@lipsiuslaw.com

January 25, 2021

**VIA ECF**
The Honorable Cathy Seibel
United States District Court
Southern District of New York
300 Quarropas Street
White Plains, New York 10601

> **Re:   Suffern v. Old Republic, et al**
> **Civil Action No.: 20-cv-8905**
> **Our File No.: 5471.0001**

Dear Honorable Judge Seibel,

We represent the improperly joined defendant, Isaac Lefkowitz in the above referenced matter.

Initially I apologize for the delay in furnishing this letter.  I had planned to furnish this letter on Friday January 22, 2021 and, in fact, had completed a draft days before. However, due to Covid-19 infection at the schools attended by my children, the schools were closed and I had the responsibility of tending to five children all day Friday.

In accordance with rule 2.A of Your Honor's Individual Rules of Practice, we submit this letter in anticipation of Mr. Lefkowitz's anticipated motion to dismiss the cross-claim asserted by Old Republic National Title Insurance Company ("Old Republic") pursuant to Rules 7, 12, 13 and 14 of the Federal Rules of Civil Procedure.

Old Republic fails to allege a purported conversion claim against Mr. Lefkowitz. Old Republic's pleading alleges that "Isaac Lefkowitz is a principal of Suffern" Counterclaim at ¶ 69. Old Republic further alleges that "Lefkowitz, on behalf of Suffern, has refused to pay ORNTIC its portion of the Claim Refund or $1,484,483.86." Counterclaim at ¶ 107. Old Republic makes no other allegations against Mr. Lefkowitz. Those two allegations, even if true, do not even come close to supporting a conversion claim against Mr. Lefkowitz.

To state a cause of action for conversion under New York law, Old Republic must show (a) "a possessory right or interest" in the property and (b) Mr. Lefkowitz's "dominion over the property or interference with it, in derogation of [Old Republic's] rights." *Pappas v. Tzolis*, 20 N.Y.3d 228, 234 (2012)

LIPSIUS-BENHAIM LAW, LLP

Judge Cathy Seibel
January 25, 2021
Page 2


   The counterclaim is insufficient because it is comprised of a threadbare recital of only some of the elements of the cause of action supported by mere conclusory statements. Although for the purposes of Mr. Lefkowitz's motion to dismiss this Court will take the two factual allegations against Mr. Lefkowitz in the counterclaim as true, this Court is not "bound to accept as true a legal conclusion couched as a factual allegation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009), citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555-557 (2007). "Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Id*. The naked claim against Mr. Lefkowitz fails to meet the *Iqbal* and *Twombly* pleading standards.

   There is not a single allegation that Mr. Lefkowitz ever had dominion over the disputed funds. Old Republic alleges that the funds were delivered by the Chapter 7 trustee to Suffern's counsel and then transferred from Suffern's counsel to Suffern. Mr. Lefkowitz never had dominion on those funds. Nor does the pleading specify how Mr. Lefkowitz interfered with those funds. Old Republic failed to plead any allegations against Mr. Lefkowiotz that speak to the second element of a conversion claim.

   As Mr. Lefkowitz was a disclosed agent, he cannot generally be held liable for the corporate action. *Keskal v. Modrakowski*, 249 N.Y. 406, 408, 164 N.E. 333 (1928); *Worthy v. N.Y.C. Hous. Auth.*, 21 A.D.3d 284, 287, 799 N.Y.S.2d 518, 520 (1st Dept. 2005). To do would destroy the concept of the formation of a corporation to limit personal liability. *Id*.

   In addition, Mr. Lefkowitz is entitled to an order dismissing the claim against him for the same three reasons asserted by the Hahn & Hessen defendants in their pre-motion letter to dismiss the conversion claims against them.

   Like the Hahn & Hessen defendants, Mr. Lefkowitz is entitled to an order dismissing the claim against him with prejudice.


      Respectfully submitted,

      David BenHaim