UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
SUFFERN PARTNERS LLC,

                Plaintiff,

   -against-

OLD REPUBLIC NATIONAL TITLE INSURANCE
COMPANY, GILBERT BACKENROTH, STEPHEN
GRABLE, HAHN & HESSEN LLP, and ISAAC
LEFKOWITZ,

                Defendants.
------------------------------------------------------------------X
OLD REPUBLIC NATIONAL TITLE INSURANCE
COMPANY,

                Third-Party Plaintiff,

    -against-

THOMAS LANDRIGAN and COHEN, LABARBERA &
LANDRIGAN, LLP,

                Third-Party Defendants.
------------------------------------------------------------------X

**AMENDED THIRD-PARTY COMPLAINT**

Civil Action No. 20-cv-08905-CS

        Defendant/Third-Party Plaintiff Old Republic National Title Insurance Company ("ORNTIC") by its attorneys Butler, Fitzgerald, Fiveson & McCarthy, A Professional Corporation, complaining of the Third-Party Defendants sets forth the following:

## THE PARTIES

        1.     ORNTIC is a Florida corporation with a principal place of business in the State of Florida. ORNTIC conducts business in the State of New York and is authorized under New York law to issue title insurance policies in New York through title agents and to accept premiums for the issuance of such policies.

        2.     Thomas Landrigan ("Landrigan") is a citizen of the State of New York.

3. Cohen, Labarbera & Landrigan, LLP ("Cohen, Labarbera") is a New York limited liability company and a citizen of the State of New York.

## JURISDICTION AND VENUE

4. The Court has subject matter jurisdiction pursuant to U.S.C. § 1332 because ORNTIC and Landrigan and Cohen Labarbera are citizens of different states and the amount in controversy exceeds $75,000, exclusive of interest and costs.

5. This Court also has pendent jurisdiction over the third-party claims because they involve a common nucleus of operative facts with Suffern's claims and judicial economy, convenience and fairness to litigants favors having the Court decide all claims together.

6. This Court has personal jurisdiction over Landrigan and Cohen Labarbera because these defendants are present, conduct and regularly transact business in the State of New York.

7. Venue is proper in this judicial district pursuant to 28 U.S.C. §§ 1391(b)(1)-(2) and 1391(c)(2).

## COUNT ONE-INDEMNIFICATION

8. On or about November 28, 2016, R.S. Old Mill, LLC ("Old Mill") contracted to purchase from Novartis Corporation ("Novartis") three parcels known as 25 Old Mill Road, Suffern and Montebello, New York, 19 Hemion Road, Montebello, New York and Route 59, Suffern, New York ("Premises") for $18 million.

9. Old Mill deposited $2.5 million to bind the contract with Novartis.

10. On or about September 6, 2017, in a collapsed transaction Novartis conveyed the Premises to Old Mill for $18 million dollars, Old Mill conveyed the Premises to

R.S. Old Mills Rd, LLC ("RD") for no consideration and RD re-conveyed the Premises to Suffern for $30 million.

11. The sole member of Old Mill is Yehuda Salamon.

12. The principal of RD is Avrom Kaufman.

13. Yehuda Salamon is the brother-in-law of Avrom Kaufman.

14. The purchase by Suffern was financed with a $33 million loan from CPIF.

15. As one condition to CPIF financing the purchase by Suffern, CPIF required Suffern to have $12.5 million in capital on deposit.

16. On September 5, 2017, Suffern borrowed $12.5 million from Treff & Lowy, PLLC ("Treff & Lowy"), to satisfy the condition of CPIF to finance the purchase.

17. The sale of the Premises to Suffern and Suffern's financing with CPIF closed on September 6, 2017.

18. Old Mill and RD ("Sellers") were represented by Landrigan at the closing.

19. Landrigan is a member of Cohen Labarbera.

20. On September 6, 2017, $15,940,324.51 in loan proceeds was transmitted by Riverside Abstract LLC ("Riverside Abstract") to Commonwealth Land Title Insurance Company as agent for Novartis as consideration for its conveyance of the Premises to Old Mill.

21. On September 6, 2017, $13,763,840.88 in loan proceeds was transmitted by Riverside Abstract to Tom Landrigan, Esq, as counsel and escrow agent for the Sellers.

22. On September 6, 2017, in reliance on the deed to Suffern, which was tendered in consideration of the payment to Landrigan as counsel and escrow agent for Sellers, ORNTIC issued owner's title policy no. OX-11894013 insuring Suffern's fee interest in the Premises in the amount of $30,000,000.

23. After the closing and unbeknownst to ORNTIC, Landrigan diverted payment of $12.5 million in loan proceeds to satisfy Suffern's loan from Treff & Lowy, as opposed to paying the Sellers these monies as added consideration for the sale to Suffern.

24. On or about April 14, 2020, RD commenced an action against Suffern in the Supreme Court, Rockland County, index no. 031809/2020 ("RD Action") to vacate RD's September 6, 2017 deed to Suffern on the basis RD was not paid consideration for the deed.

25. Suffern made a title claim on ORNTIC under the Policy for a defense and indemnification of all damages arising from the RD Action.

26. On or about October 23, 2020, Suffern commenced the within action seeking damages for ORNTIC's refusal to pay plaintiff's claim under the Policy arising from the RD Action. A copy of Suffern's complaint is annexed as Exhibit A. A copy of ORNTIC's amended answer with counterclaims and cross-claims dated February 12, 2021 ("ORNTIC's Answer") is annexed as Exhibit B.

27. Suffern's complaint makes the following pertinent allegations:

### THIRD CAUSE OF ACTION

\*   \*   \*

46. . . . If RD's allegations and claims are ultimately found supportable and meritorious, Old Republic is liable under the Escrow Agreement for Suffern's damages incurred as a result of Old Republic's **failures.**

\*   \*   \*

49. As the result of the **negligence** of Old Republic, including by and through its agent Riverside, Suffern has and will continue to incur approximately $1,000,000 each month in additional mortgage loan interest and carrying costs on the Property.

50. As the result of the **negligence** of Old Republic, including by and through its agent Riverside, Suffern is unable to sell the Property.

> 51. For the foregoing reasons, Suffern is entitled to a judgment against Old Republic for breaching its obligations as escrow agent and all damages resulting from Old Republic's **negligence** and failure to property distribute the Sale Funds and validly record the Deed I favor of Suffern, for an amount not yet known but reasonably believed to be in excess of $55 million, plus pre-judgment interest, costs, fees, and other disbursements.
>
> ### FOURTH CAUSE OF ACTION
>
> \* \* \*
>
> 53. As a result of Old Republic's breach of the Policy, breach of its duties and obligations under the Escrow Agreement, and **negligence,** including by and through its agent Riverside, Suffern has suffered consequential damages in the form of interest on its mortgage loan from CPIF, additional carrying costs for the Property, and loss of the opportunity to sell the Property, resulting in past and continuing damages.

(Emphasis added).

28. In the event it should be determined ORNTIC is liable to Suffern as claimed by Suffern on the negligence claims, then and in that event, such liability shall be wholly due to Landrigan's and Cohen Labarbera's breach of their duty to Sellers, Suffern and ORNTIC to pay the Sellers the $13,763,840.88 paid at closing and without any negligence or culpable conduct on the part of ORNTIC.

29. In such event, Landrigan and Cohen Labarbera shall be wholly liable to ORNTIC for all damages sustained thereby, attorneys' fees, costs and disbursements.

### COUNT TWO-CONTRIBUTION

30. ORNTIC repeats paragraphs 1 through 28 above.

31. In the event it should be determined ORNTIC is liable to Suffern as claimed by Suffern on the negligence claims, then and that event ORNTIC is entitled to contribution from Landrigan and Cohen Labarbera based on their respective pro-rata liability as determined by the trier of fact.

WHEREFORE, in the event ORNTIC is determined liable to Suffern based on negligence claims, ORNTIC requests judgment against third-party defendants either for indemnification of all damages sustained and liability incurred or contribution based on the pro-rata percentages of fault as determined by the trier of fact, attorneys' fees, costs and disbursements, and such other and further relief to which ORNTIC may be deemed entitled.

Dated: New York, New York
February 12, 2021

**BUTLER, FITZGERALD, FIVESON & McCARTHY**
A Professional Corporation
*Attorneys for Defendant and Third-Party Plaintiff*
*Old Republic National Title Insurance Company*


By:  */s/ David K. Fiveson*
David K. Fiveson, Esq.
A Principal of the Firm
9 East 45th Street, Ninth Floor
New York, New York 10017
(212) 615-2200  Fax:  (212) 615-2215
dfiveson@bffmlaw.com