# EXHIBIT X

Civil Action No. 20-cv-08905-CS
Affirmation of David K. Fiveson, Esq.

## ASSIGNMENT OF MEMBERSHIP INTEREST

THIS ASSIGNMENT OF MEMBERSHIP INTEREST (this "Assignment") is entered into as of this 25th day of March, 2019 (the "Effective Date") by RSOM Corp., a New York Corporation ("RSOM"), Goldie Reisman, an individual ("Reisman," and together with RSOM, the "Assignors") in favor of GoldmanRX, Inc., a New York Corporation (the "Assignee").

WHEREAS, RSOM is the managing member and holder of a One Percent (1%) membership interest (the "RSOM Membership Interest") in Suffern Partners, LLC (the "Company"), a New York limited liability company, as more fully set forth in the Company's Operating Agreement, dated as of August 9, 2017 (the "Operating Agreement");

WHEREAS, Reisman is a member and holder of a Ninety-Nine Percent (99%) membership interest (the "Reisman Membership Interest," and together with the RSOM Membership Interest, the "Membership Interests") in the Company, as more fully set forth in the Operating Agreement; and

WHEREAS, Assignors desire to sell, transfer, assign, convey and deliver to the Assignee, and the Assignee desires to purchase and acquire from the Assignors, the Membership Interests on the terms and subject to the conditions set forth herein.

NOW, THEREFORE, for good and valuable consideration, and the mutual covenants, obligations, representations and warranties of the parties and subject to the terms and conditions set forth herein, the parties agree as follows:

1. Recitals. The recitals to this Assignment are material thereto and are hereby incorporated herein by reference as if set forth in their entirety.

2. Assignment and Assumption. As of the Effective Date, Assignors hereby sell, assign, transfer, convey and deliver to the Assignee, and the Assignee hereby purchases, acquires and accepts from the Assignors, all of the Assignors' right, title and interest in and to the Membership Interests in the Company, for a purchase price of Five Hundred Thousand Dollars ($500,000.00), the full receipt and collection of which is hereby acknowledged by the Assignors.

3. Assignors' Representations. As a material inducement for Assignee to enter into this Assignment, each of the Assignors hereby represents, warrants, agrees and confirms that:

a) The Membership Interests are owned by the Assignors as of the Effective Date, and that Assignors have good and marketable title to, and sole record and beneficial ownership of, the Membership Interests.

b) Assignors have the full capacity, right, power and authority to enter into this Assignment and to own, hold, transfer, convey and sell to Assignee the Membership Interests. This Assignment has been duly and validly executed and delivered and is the valid and binding agreement of Assignors, enforceable against Assignors in accordance with its terms.

1

c) Other than this Assignment, Assignors have not (i) entered into any contract with respect to the Membership Interests or entered into any agreements or taken any action which would have conveyed to any person or entity any interest in the Membership Interests; and (ii) issued, assigned or granted to any party any securities convertible into or exchangeable for any equity interest in the Membership Interests. Assignors do not have any liabilities, absolute, contingent or otherwise, direct or indirect, matured or unmatured, to the Company which are not reflected or disclosed in this Assignment.

d) The Company is the sole and beneficial fee simple owner the following real properties known and located at (i) 25 Old Mill Road, Suffern NY 10901 (Section 55.22; Block: 1; Lot 1), (ii) Route 59, Suffern, NY 10901 (Section 55.37; Block: 1; Lot 31), and (iii) 19 Hemion Road, Montebello, NY 10901 (Section 55.06; Block 1; Lot 1), together with all improvements and buildings respectively situated thereon.

e) Assignors are not a "foreign person" within the meaning of Section 1445 of the Internal Revenue Code of 1986, as amended.

4. Effective Date. This Assignment is effective as of the Effective Date, and from and after such Effective Date that portion of the net profits or net losses and cash flow of the Company allocable to the Membership Interests shall be credited, charged or distributed, as the case may be, to the Assignee and not to Assignors. Upon full execution of this Assignment, Assignors shall not have any further rights in and to the Membership Interests whatsoever, including but not limited to any rights under the Operating Agreement or under the New York Limited Liability Company Act.

5. Operating Agreement. Notwithstanding anything to the contrary contained herein, in the Operating Agreement, or in any other agreement relating to the subject matter hereof, by execution of this Assignment, the Assignors, as all of the members of the Company, hereby consent to the assignment and assumption of the Membership Interests to Assignee and acknowledge that Assignee shall be entitled to all voting, appointment, approval and other rights accorded to the members of the Company pursuant to the Operating Agreement, or as they may be otherwise entitled at law.

6. Efforts; Further Assurance. Assignors shall take, or cause to be taken, all actions and to do, or cause to be done, all things necessary or desirable under applicable law to consummate the transactions contemplated by this Assignment, including preparing and filing as promptly as practicable with any governmental authority or other third party all documentation to effect all filings, notices, satisfactions, and other documents and that are necessary, proper or advisable. Assignors and Assignee agree to execute and deliver such other documents, certificates, agreements and other writings and to take such other actions as may be necessary or desirable in order to consummate or implement expeditiously the transactions contemplated by this Agreement and to vest in the Assignee good title to all of the Membership Interests, including but not limited to any transfer tax documents required to be executed in furtherance of the transactions contemplated under this Assignment.

2

7. Indemnification. Assignors hereby agree to jointly and severally indemnify and hold harmless the Assignee and the Company from and against any and all loss, liability, claims, damages and expense (including any expense reasonably incurred in investigating, preparing or defending against any litigation commenced or threatened or any claim whatsoever, including but not limited to attorneys' fees) related to any false representation or warranty or nonfulfillment of any agreement on the part of Assignors contained in this Assignment.

8. Successors and Assigns. This Assignment and the terms and provisions hereof shall inure to the benefit of and be binding upon the parties hereto and their respective heirs, executors, personal representatives, successors and permitted assigns.

9. Governing Law, Jurisdiction. The parties agree that this Assignment shall be governed by the laws of the State of New York. The parties hereto agree to submit to exclusive jurisdiction in the state of New York, and further agree that any court proceeding relating to any controversy arising under this Agreement shall be in the state or federal courts located in New York County in the state of New York. The parties hereby agree to waive their respective right to a jury trial of any claim or cause of action based upon or arising out of this Agreement.

10. Section Headings. The section headings in this Assignment are for convenience only and are not intended to be a part of this Assignment and shall not be construed to modify, explain or alter any of the terms, covenants or conditions herein contained.

11. Counterparts. This Agreement may be executed in several counterparts and delivered electronically (including by facsimile or as PDF documents attached to an email), each of which shall be considered an original but which together shall constitute one and the same instrument.

12. Exclusions. This agreement only pertains to the membership interest of Suffern Partners LLC. Any other assets which is not owned by the company is excluded from this transaction. The assignee acknowledges the existence of the cross collateral of another parcel owned by North 14th Street Realty Associates LLC in favor of CPIF Lending, LLC, said parcel known as 200 North 14th Street, 4 Berry Street, Brooklyn New York Block # 2279 lot # 15 / 24 is in no way part and parcel of this transaction and as part of this agreement Company undertakes to have the said parcels released of its cross collateral and collateral.

**[SIGNATURE PAGE FOLLOWS]**

3

IN WITNESS WHEREOF, the Assignors, Assignee and the Company have executed and delivered this Assignment of Membership Interest as of the Effective Date.

**ASSIGNORS:**

*/s/ Goldie Reisman*
Goldie Reisman

**RSOM Corp.**

By: */s/ Goldie Reisman*
Name: Goldie Reisman
Title: President

**ASSIGNEE:**

**GoldmanRX, Inc.**

By: _____
Name: _____
Title: President

**COMPANY:**

**SUFFERN PARTNERS LLC**
a New York limited liability company

By:   RSOM CORP.
       a New York corporation, its Managing Member

By: */s/ Goldie Reisman*
Name: Goldie Reisman
Title: President

[Signature Page to Assignment of Membership Interest]

4

TP-584 (4/13)



New York State Department of Taxation and Finance

# Combined Real Estate Transfer Tax Return, Credit Line Mortgage Certificate, and Certification of Exemption from the Payment of Estimated Personal Income Tax

Recording office time stamp

See Form TP-584-I, Instructions for Form TP-584, before completing this form. Print or type.

## Schedule A — Information relating to conveyance

| Grantor/Transferor<br>☐ Individual<br>☐ Corporation<br>☐ Partnership<br>☐ Estate/Trust<br>☐ Single member LLC<br>☒ Other | Name (if individual, last, first, middle initial) (☒ check if more than one grantor)<br>RSOM Corp. and Reisman, Goldie | Social security number<br>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 |
|---|---|---|
| | Mailing address<br>202 Grandview Avenue | Social security number |
| | City: Monsey    State: NY    ZIP code: 10950 | Federal EIN<br>82-2411428 |
| | Single member's name if grantor is a single member LLC (see instructions) | Single member EIN or SSN |

| Grantee/Transferee<br>☐ Individual<br>☐ Corporation<br>☐ Partnership<br>☐ Estate/Trust<br>☒ Single member LLC<br>☐ Other | Name (if individual, last, first, middle initial) (☐ check if more than one grantee)<br>GoldmanRX, Inc. | Social security number |
|---|---|---|
| | Mailing address<br>1449 57th Street | Social security number |
| | City: Brooklyn    State: NY    ZIP code: 11219 | Federal EIN<br>82-2560350 |
| | Single member's name if grantee is a single member LLC (see instructions)<br>Isaac Lefkowitz | Single member EIN or SSN<br>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 |

### Location and description of property conveyed

| Tax map designation – Section, block & lot (include dots and dashes) | SWIS code (six digits) | Street address | City, town, or village | County |
|---|---|---|---|---|
| 55.22-1-1 see attached | 392607 | 25 Old Mill Road | Suffern | Rockland |

**Type of property conveyed** (check applicable box)

1. ☐ One- to three-family house
2. ☐ Residential cooperative
3. ☐ Residential condominium
4. ☐ Vacant land
5. ☒ Commercial/Industrial
6. ☐ Apartment building
7. ☐ Office building
8. ☐ Other _____

Date of conveyance: 03 / 25 / 2019

Percentage of real property conveyed which is residential real property ____0__ %
(see instructions)

**Condition of conveyance** (check all that apply)

a. ☐ Conveyance of fee interest
b. ☒ Acquisition of a controlling interest (state percentage acquired __100__ %)
c. ☐ Transfer of a controlling interest (state percentage transferred ____ %)
d. ☐ Conveyance to cooperative housing corporation
e. ☐ Conveyance pursuant to or in lieu of foreclosure or enforcement of security interest (attach Form TP-584.1, Schedule E)
f. ☐ Conveyance which consists of a mere change of identity or form of ownership or organization (attach Form TP-584.1, Schedule F)
g. ☐ Conveyance for which credit for tax previously paid will be claimed (attach Form TP-584.1, Schedule G)
h. ☐ Conveyance of cooperative apartment(s)
i. ☐ Syndication
j. ☐ Conveyance of air rights or development rights
k. ☐ Contract assignment
l. ☐ Option assignment or surrender
m. ☐ Leasehold assignment or surrender
n. ☐ Leasehold grant
o. ☐ Conveyance of an easement
p. ☐ Conveyance for which exemption from transfer tax claimed (complete Schedule B, Part III)
q. ☐ Conveyance of property partly within and partly outside the state
r. ☐ Conveyance pursuant to divorce or separation
s. ☒ Other (describe) _____

| For recording officer's use | Amount received<br>Schedule B., Part I $<br>Schedule B., Part II $ | Date received | Transaction number |
|---|---|---|---|

## Schedule B — Real estate transfer tax return (Tax Law, Article 31)

**Part I** – Computation of tax due

| | | |
|---|---:|---:|
| 1 Enter amount of consideration for the conveyance (if you are claiming a total exemption from tax, check the exemption claimed box, enter consideration and proceed to Part III) .............................. ☐ **Exemption claimed**  1. | 500000 | 00 |
| 2 Continuing lien deduction (see instructions if property is taken subject to mortgage or lien) ....................................... 2. | | |
| 3 Taxable consideration (subtract line 2 from line 1) ................................................................................. 3. | 500000 | 00 |
| 4 Tax: $2 for each $500, or fractional part thereof, of consideration on line 3 ..................................... 4. | 2000 | 00 |
| 5 Amount of credit claimed for tax previously paid (see instructions and attach Form TP-584.1, Schedule G) ............ 5. | | |
| 6 Total tax due* (subtract line 5 from line 4) ................................................................................ 6. | 2000 | 00 |

**Part II** – Computation of additional tax due on the conveyance of residential real property for $1 million or more

1 Enter amount of consideration for conveyance (from Part I, line 1) ..................................................... 1.
2 Taxable consideration (multiply line 1 by the percentage of the premises which is residential real property, as shown in Schedule A) ... 2.
3 Total additional transfer tax due* (multiply line 2 by 1% (.01)) ............................................................. 3.

**Part III** – Explanation of exemption claimed on Part I, line 1 (check any boxes that apply)
The conveyance of real property is exempt from the real estate transfer tax for the following reason:

a. Conveyance is to the United Nations, the United States of America, the state of New York, or any of their instrumentalities, agencies, or political subdivisions (or any public corporation, including a public corporation created pursuant to agreement or compact with another state or Canada)................................................................................................................................. a ☐

b. Conveyance is to secure a debt or other obligation................................................................................................................ b ☐

c. Conveyance is without additional consideration to confirm, correct, modify, or supplement a prior conveyance........................... c ☐

d. Conveyance of real property is without consideration and not in connection with a sale, including conveyances conveying realty as bona fide gifts ................................................................................................................................................ d ☐

e. Conveyance is given in connection with a tax sale................................................................................................................. e ☐

f. Conveyance is a mere change of identity or form of ownership or organization where there is no change in beneficial ownership. (This exemption cannot be claimed for a conveyance to a cooperative housing corporation of real property comprising the cooperative dwelling or dwellings.) Attach Form TP-584.1, Schedule F.................................................................... f ☐

g. Conveyance consists of deed of partition................................................................................................................................ g ☐

h. Conveyance is given pursuant to the federal Bankruptcy Act ................................................................................................. h ☐

i. Conveyance consists of the execution of a contract to sell real property, without the use or occupancy of such property, or the granting of an option to purchase real property, without the use or occupancy of such property.............................................. i ☐

j. Conveyance of an option or contract to purchase real property with the use or occupancy of such property where the consideration is less than $200,000 and such property was used solely by the grantor as the grantor's personal residence and consists of a one-, two-, or three-family house, an individual residential condominium unit, or the sale of stock in a cooperative housing corporation in connection with the grant or transfer of a proprietary leasehold covering an individual residential cooperative apartment........................................................................................................................... j ☐

k. Conveyance is not a conveyance within the meaning of Tax Law, Article 31, section 1401(e) (attach documents supporting such claim) ........................................................................................................................................................ k ☐

*The total tax (from Part I, line 6 and Part II, line 3 above) is due within 15 days from the date conveyance. Please make check(s) payable to the county clerk where the recording is to take place. If the recording is to take place in the New York City boroughs of Manhattan, Bronx, Brooklyn, or Queens, make check(s) payable to the **NYC Department of Finance.** If a recording is not required, send this return and your check(s) made payable to the **NYS Department of Taxation and Finance,** directly to the NYS Tax Department, RETT Return Processing, PO Box 5045, Albany NY 12205-5045.

## Schedule C — Credit Line Mortgage Certificate (Tax Law, Article 11)

**Complete the following only if the interest being transferred is a fee simple interest.**
I (we) certify that: *(check the appropriate box)*

1. [X] The real property being sold or transferred is not subject to an outstanding credit line mortgage.

2. [ ] The real property being sold or transferred is subject to an outstanding credit line mortgage. However, an exemption from the tax is claimed for the following reason:
   - [ ] The transfer of real property is a transfer of a fee simple interest to a person or persons who held a fee simple interest in the real property (whether as a joint tenant, a tenant in common or otherwise) immediately before the transfer.
   - [ ] The transfer of real property is (A) to a person or persons related by blood, marriage or adoption to the original obligor or to one or more of the original obligors or (B) to a person or entity where 50% or more of the beneficial interest in such real property after the transfer is held by the transferor or such related person or persons (as in the case of a transfer to a trustee for the benefit of a minor or the transfer to a trust for the benefit of the transferor).
   - [ ] The transfer of real property is a transfer to a trustee in bankruptcy, a receiver, assignee, or other officer of a court.
   - [ ] The maximum principal amount secured by the credit line mortgage is $3,000,000 or more, and the real property being sold or transferred is **not** principally improved nor will it be improved by a one- to six-family owner-occupied residence or dwelling.

     **Please note:** for purposes of determining whether the maximum principal amount secured is $3,000,000 or more as described above, the amounts secured by two or more credit line mortgages may be aggregated under certain circumstances. See TSB-M-96(6)-R for more information regarding these aggregation requirements.
   - [ ] Other *(attach detailed explanation)*.

3. [ ] The real property being transferred is presently subject to an outstanding credit line mortgage. However, no tax is due for the following reason:
   - [ ] A certificate of discharge of the credit line mortgage is being offered at the time of recording the deed.
   - [ ] A check has been drawn payable for transmission to the credit line mortgagee or his agent for the balance due, and a satisfaction of such mortgage will be recorded as soon as it is available.

4. [ ] The real property being transferred is subject to an outstanding credit line mortgage recorded in _____ (insert liber and page or reel or other identification of the mortgage). The maximum principal amount of debt or obligation secured by the mortgage is _____. No exemption from tax is claimed and the tax of _____ is being paid herewith. *(Make check payable to county clerk where deed will be recorded or, if the recording is to take place in New York City but not in Richmond County, make check payable to the **NYC Department of Finance**.)*

### Signature (both the grantor(s) and grantee(s) must sign)

The undersigned certify that the above information contained in schedules A, B, and C, including any return, certification, schedule, or attachment, is to the best of his/her knowledge, true and complete, and authorize the person(s) submitting such form on their behalf to receive a copy for purposes of recording the deed or other instrument effecting the conveyance.

| _____ | _____ | _____ | _____ |
| Grantor signature | Title | Grantee signature | Title |

| _____ | _____ | _____ | _____ |
| Grantor signature | Title | Grantee signature | Title |

**Reminder:** Did you complete all of the required information in Schedules A, B, and C? Are you required to complete Schedule D? If you checked e, f, or g in Schedule A, did you complete Form TP-584.1? Have you attached your check(s) made payable to the county clerk where recording will take place or, if the recording is in the New York City boroughs of Manhattan, Bronx, Brooklyn, or Queens, to the **NYC Department of Finance**? If no recording is required, send your check(s), made payable to the **Department of Taxation and Finance**, directly to the NYS Tax Department, RETT Return Processing, PO Box 5045, Albany NY 12205-5045.

## Schedule D - Certification of exemption from the payment of estimated personal income tax (Tax Law, Article 22, section 663)

Complete the following only if a fee simple interest or a cooperative unit is being transferred by an individual or estate or trust.

If the property is being conveyed by a referee pursuant to a foreclosure proceeding, proceed to Part II, and check the second box under *Exemptions for nonresident transferor(s)/seller(s)* and sign at bottom.

**Part I** - New York State residents

If you are a New York State resident transferor(s)/seller(s) listed in Schedule A of Form TP-584 (or an attachment to Form TP-584), you must sign the certification below. If one or more transferors/sellers of the real property or cooperative unit is a resident of New York State, **each** resident transferor/seller must sign in the space provided. If more space is needed, please photocopy this Schedule D and submit as many schedules as necessary to accommodate all resident transferors/sellers.

### Certification of resident transferor(s)/seller(s)

This is to certify that at the time of the sale or transfer of the real property or cooperative unit, the transferor(s)/seller(s) as signed below was a resident of New York State, and therefore is not required to pay estimated personal income tax under Tax Law, section 663(a) upon the sale or transfer of this real property or cooperative unit.

| Signature | Print full name | Date |
|---|---|---|
| *Gldie Persman* | GOLDIE REISMAN | 3/25/19 |
| *Gildie Persman* | GOLDIE REISMAN | 3/25/19 |
| | | |
| | | |

**Note:** A resident of New York State may still be required to pay estimated tax under Tax Law, section 685(c), but not as a condition of recording a deed.

**Part II** - Nonresidents of New York State

If you are a nonresident of New York State listed as a transferor/seller in Schedule A of Form TP-584 (or an attachment to Form TP-584) but are not required to pay estimated personal income tax because one of the exemptions below applies under Tax Law, section 663(c), check the box of the appropriate exemption below. If any one of the exemptions below applies to the transferor(s)/seller(s), that transferor(s)/seller(s) is not required to pay estimated personal income tax to New York State under Tax Law, section 663. **Each** nonresident transferor/seller who qualifies under one of the exemptions below must sign in the space provided. If more space is needed, please photocopy this Schedule D and submit as many schedules as necessary to accommodate all nonresident transferors/sellers.

If none of these exemption statements apply, you must complete Form IT-2663, *Nonresident Real Property Estimated Income Tax Payment Form*, or Form IT-2664, *Nonresident Cooperative Unit Estimated Income Tax Payment Form*. For more information, see *Payment of estimated personal income tax,* on page 1 of Form TP-584-I.

### Exemption for nonresident transferor(s)/seller(s)

This is to certify that at the time of the sale or transfer of the real property or cooperative unit, the transferor(s)/seller(s) (grantor) of this real property or cooperative unit was a nonresident of New York State, but is not required to pay estimated personal income tax under Tax Law, section 663 due to one of the following exemptions:

☐ The real property or cooperative unit being sold or transferred qualifies in total as the transferor's/seller's principal residence (within the meaning of Internal Revenue Code, section 121) from _____ to _____ (see instructions).
                                                                                         Date      Date

☐ The transferor/seller is a mortgagor conveying the mortgaged property to a mortgagee in foreclosure, or in lieu of foreclosure with no additional consideration.

☐ The transferor or transferee is an agency or authority of the United States of America, an agency or authority of the state of New York, the Federal National Mortgage Association, the Federal Home Loan Mortgage Corporation, the Government National Mortgage Association, or a private mortgage insurance company.

| Signature | Print full name | Date |
|---|---|---|
| | | |
| | | |
| | | |
| | | |

# RP-5217-PDF Real Property Transfer Report (8/10)

**New York State Department of Taxation and Finance**
Office of Real Property Tax Services

## FOR COUNTY USE ONLY

- **C1. SWIS Code:** _____
- **C2. Date Deed Recorded:** __/__/____ (Month/Day/Year)
- **C3. Book:** _____
- **C4. Page:** _____

## PROPERTY INFORMATION

**1. Property Location**
- Street Number: 25
- Street Name: Old Mill Road
- City or Town: Suffern
- Village: _____
- Zip Code: 10901

**2. Buyer Name**
- Last Name/Company: GoldmanRX, Inc.
- First Name: _____

**3. Tax Billing Address** (Indicate where future Tax Bills are to be sent if other than buyer address at bottom of form)
- Last Name/Company: _____
- First Name: _____
- Street Number and Name: _____
- City or Town: _____
- State: _____
- Zip Code: _____

**4. Indicate the number of Assessment Roll parcels transferred on the deed:** 3 # of Parcels OR ☐ Part of a Parcel

(Only if Part of a Parcel) Check as they apply:
- 4A. Planning Board with Subdivision Authority Exists ☐
- 4B. Subdivision Approval was Required for Transfer ☐
- 4C. Parcel Approved for Subdivision with Map Provided ☐

**5. Deed Property Size:** ___ X ___ (Front Feet X Depth) OR 124.73 Acres

**6. Seller Name**
- Last Name/Company: RSOM Corp.
- First Name: _____
- Last Name/Company: Reisman
- First Name: Goldie

**7. Select the description which most accurately describes the use of the property at the time of sale:**
J. Industrial

**Check the boxes below as they apply:**
- 8. Ownership Type is Condominium ☐
- 9. New Construction on a Vacant Land ☐
- 10A. Property Located within an Agricultural District ☐
- 10B. Buyer received a disclosure notice indicating that the property is in an Agricultural District ☐

## SALE INFORMATION

- **11. Sale Contract Date:** 03/25/2019
- **12. Date of Sale/Transfer:** 03/25/2019
- **13. Full Sale Price:** 500,000.00

(Full Sale Price is the total amount paid for the property including personal property. This payment may be in the form of cash, other property or goods, or the assumption of mortgages or other obligations.) Please round to the nearest whole dollar amount.

- **14. Indicate the value of personal property included in the sale:** .00

**15. Check one or more of these conditions as applicable to transfer:**
- ☐ A. Sale Between Relatives or Former Relatives
- ☐ B. Sale between Related Companies or Partners in Business
- ☐ C. One of the Buyers is also a Seller
- ☐ D. Buyer or Seller is Government Agency or Lending Institution
- ☐ E. Deed Type not Warranty or Bargain and Sale (Specify Below)
- ☐ F. Sale of Fractional or Less than Fee Interest (Specify Below)
- ☐ G. Significant Change in Property Between Taxable Status and Sale Dates
- ☐ H. Sale of Business is Included in Sale Price
- ☒ I. Other Unusual Factors Affecting Sale Price (Specify Below)
- ☐ J. None

**Comment(s) on Condition:** Acquisition of a controlling interest

## ASSESSMENT INFORMATION - Data should reflect the latest Final Assessment Roll and Tax Bill

- **16. Year of Assessment Roll from which information taken (YY):** 18
- **17. Total Assessed Value:** 3,780,000
- **18. Property Class:** 710
- **19. School District Name:** Ramapo
- **20. Tax Map Identifier(s)/Roll Identifier(s)** (If more than four, attach sheet with additional identifier(s)):
  - 55.22-1-1
  - 55.06-1-1
  - 55.37-1-31

## CERTIFICATION

I Certify that all of the items of information entered on this form are true and correct (to the best of my knowledge and belief) and I understand that the making of any willful false statement of material fact herein subject me to the provisions of the penal law relative to the making and filing of false instruments.

**SELLER SIGNATURE:** /s/ Goldie Reisman  Date: 3/25/19

**BUYER SIGNATURE:** /s/ [signature]  Date: 3/25/19

**BUYER CONTACT INFORMATION**
(Enter information for the buyer. Note: If buyer is LLC, society, association, corporation, joint stock company, estate or entity that is not an individual agent or fiduciary, then a name and contact information of an individual/responsible party who can answer questions regarding the transfer must be entered. Type or print clearly.)

- Last Name: Lefkowitz
- First Name: Isaac
- Area Code: (212)
- Telephone Number: 226-2376
- 1449 57th Street